**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38200**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 759 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 30, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GASPAR JOSE LUIS VENEGAS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Order revoking probation and requiring execution of unified ten-year sentence with a two-year determinate term for battery with intent to commit a serious felony, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Gaspar Jose Luis Venegas pled guilty to battery with intent to commit a serious felony. Idaho Code §§ 18-911, 18-912. The district court imposed a unified ten-year sentence with a two-year determinate term, but suspended the sentence and placed Venegas on probation. After Venegas was found to have violated several terms of the probation, the court revoked probation and ordered execution of the original sentence, retaining jurisdiction for 180 days. After the period of retained jurisdiction expired, the court again suspended the sentence and placed

1

Venegas on probation.[1]  Subsequently, Venegas admitted to violating the terms of the probation, and the district court revoked probation and ordered execution of the original sentence.  Venegas appeals, contending the district court abused its discretion in revoking probation and imposing the original sentence without reduction.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated.  I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988).  In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society.  *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717.  The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989).  A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Sentencing is also a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment.  *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009).  We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation.  *Id*.

---

[1]     The district court's authority to order probation after the expiration of the period of retained jurisdiction is not at issue in this appeal, but is noted by both parties.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Venegas's original sentence without modification. Therefore, the order revoking probation and directing execution of Venegas's previously suspended sentence is affirmed.