**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 38175/38628**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 341** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: January 31, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CAMERON D. ANDERSON,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. John H. Bradbury, District Judge.

Order suspending sentence and imposing probation following retained jurisdiction, <u>affirmed</u>; order revoking probation and requiring execution of unified six-year sentence with three-year determinate term for aggravated driving under the influence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jason M. Gray, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

---

PER CURIAM

In this consolidated appeal Cameron D. Anderson was found guilty of aggravated driving under the influence. Idaho Code §§ 18-8004(1)(a), 18-8006. The district court imposed a unified six-year sentence, with a three-year determinate term. Anderson appealed from the judgment of conviction and also filed an Idaho Criminal Rule 35 motion for reduction of sentence. The district court granted the Rule 35 motion, maintaining the unified six-year sentence, with a three-year determinate term, but retaining jurisdiction, resulting in a second

amended judgment of conviction.[1] Anderson's appeal from the judgment of conviction was, however, dismissed without prejudice in light of the district court retaining jurisdiction.

After the period of retained jurisdiction, the district court suspended the sentence and placed Anderson on probation. Anderson did not appeal from the order placing him on probation following retained jurisdiction. Subsequently, Anderson admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Anderson appealed from the order revoking probation and ordering execution of the original sentence, contending the district court abused its discretion in revoking probation and in failing to reduce the underlying sentence, giving rise to docket number 38175.

In the meantime, Anderson filed a post-conviction petition alleging ineffective assistance counsel due to counsel's failure to file a timely appeal from the district court's order suspending sentence and imposing probation. Upon stipulation, the district court entered an order vacating and re-entering the order suspending sentence and imposing probation, nunc pro tunc, solely for the purpose and effect of restoring Anderson's appeal rights. Anderson timely filed an appeal from the re-entered order suspending sentence and imposing probation, giving rise to docket number 38628.

The consolidated appeal puts at issue the original sentence as imposed and the subsequent revocation of probation and ordering of the underlying sentence into execution without modification.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say the district court abused its discretion in imposing the original sentence.

---

[1] The record reflects a first amended judgment of conviction was previously entered.

2

It is also within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo,* 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*. Applying the foregoing standards, and having reviewed the record in this case, we cannot say the district court abused its discretion either in revoking probation or in ordering execution of Anderson's original sentence without modification.

Based on the forgoing, the order suspending Anderson's sentence and imposing probation following retained jurisdiction is affirmed. The order revoking probation and directing execution of Anderson's previously suspended sentence without modification is also affirmed.