## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 38856

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

ADAM ARCHIE R. COSTIN,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

2012 Unpublished Opinion No. 641

Filed: September 21, 2012

Stephen W. Kenyon, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order revoking probation and requiring execution of unified five-year sentence with two-year determinate term for felony injury to a child, <u>affirmed</u>; order denying I.C.R. 35 motion, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

      Adam Archie R. Costin pled guilty to felony injury to a child. Idaho Code § 18-1501(1).[1] The district court withheld judgment and placed Costin on probation for a period of three years. Subsequently, Costin was found to have violated several terms of the probation, and the district court consequently revoked both his withheld judgment and probation, and imposed a unified sentence of five years with two years determinate while retaining jurisdiction. At the conclusion of the period of retained jurisdiction, the district court suspended the remainder of Costin's sentence and placed him on probation for three years. Subsequently, Costin admitted to violating

_____

[1] The order withholding judgment erroneously noted I.C. § 18-6101(1).

1

several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Costin filed a timely Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. Costin timely appealed.

Following settlement of the appellate record, Costin filed, with the Idaho Supreme Court, a motion to augment the record requesting various transcripts. The Supreme Court denied Costin's motion as to the transcript of the probation violation hearing held on August 17, 2009. Costin appeals, contending that the Idaho Supreme Court denied him due process and equal protection by denying his motion to augment the requested transcript. Costin also asserts the district court abused its discretion by revoking his probation, executing the underlying sentence, and by denying his I.C.R. 35 motion.

Costin's brief presents argument that the denied transcript is needed for effective review of his claims of district court error and, therefore, the Idaho Supreme Court violated his rights to due process and equal protection and his right to effective assistance of counsel by denying his motion to augment the record on appeal. We recently addressed a nearly identical argument in *State v. Morgan*, ___ Idaho ___, ___ P.3d ___ (Ct. App. July 10, 2012), *rev. pending*, where we said:

> We begin by disclaiming any authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. Such an undertaking would be tantamount to the Court of Appeals entertaining an "appeal" from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. Nevertheless, if a motion is, in effect, renewed by the movant, and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the point of its assignment to this Court. Such may occur, for example, if the completed appellant's and/or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion.[2]

Costin has not filed with this Court a renewed motion to augment the record, nor has he presented to this Court in his briefing any significant new facts or a new justification for

---

[2] In *Morgan*, for the purpose of a complete discussion, we addressed on the merits each argument now being advanced by Costin in this appeal. We rejected them all as without merit.

augmentation beyond that already advanced in his motion to the Supreme Court. He is, in substance, asking us to determine that the Idaho Supreme Court violated constitutional law by denying his motion. As that is beyond the scope of our authority, we will not address the issue further.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either by revoking probation or by ordering execution of Costin's original sentence. Costin has failed to establish an abuse of discretion by the district court in denying his I.C.R. 35 motion. Therefore, the district court's orders revoking probation and directing execution of Costin's previously suspended sentence and denying his I.C.R. 35 motion are affirmed.