**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 38882/38883**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 656 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 3, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ERICA LEE ALCALA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Order revoking probation and requiring execution of unified four-year sentence with thirty-month determinate term for battery on a law enforcement officer, affirmed; judgment of conviction and concurrent, unified sentence of eight years with two years determinate for felony driving under the influence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

In docket number 38882, Erica Lee Alcala pled guilty to battery on a law enforcement officer. Idaho Code §§ 18-915(d), 18-903. The district court imposed a unified four-year sentence with a thirty-month determinate term, but suspended the sentence and placed Alcala on probation for a period of three years. Subsequently, Alcala admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence but retained jurisdiction. At the conclusion of the retained jurisdiction period, the district court suspended the remainder of Alcala's sentence and placed her on probation for three years. Less than one year later, Alcala again admitted to violating her probation and the

1

district court re-imposed the original sentence but placed Alcala back on probation for three years.

One year later, Alcala pled guilty to a misdemeanor charge of driving under the influence and she admitted to violating her probation. The district court revoked her probation and executed the originally imposed sentence, but again retained jurisdiction. Following the second period of retained jurisdiction, the district court suspended the remainder of Alcala's sentence and again placed her on probation for three years.

Several months later, Alcala was arrested for felony driving under the influence, I.C. § 18-8004 (docket number 38883), and she admitted to again violating her probation in docket number 38882. The district court agreed to release her to an inpatient treatment facility and continued the disposition of the pending felony proceeding and probation violation until Alcala completed, or was discharged from, the treatment facility. Alcala left the facility prior to completion of treatment, but before she was taken into custody, for yet another probation violation, she was arrested for possession of a controlled substance. Alcala pled guilty to the felony DUI and the other charges were dismissed. The district court sentenced Alcala on the felony DUI charge to a unified six-year sentence with two years determinate, to run concurrent to her other cases. The district court also revoked her probation and re-imposed the original four-year unified sentence with credit for time served. Alcala appealed the revocation of her probation and the felony DUI sentence and the Idaho Supreme Court consolidated these appeals.

After the appellate record had been settled, Alcala filed a motion to augment the record requesting six then-unprepared transcripts. The Idaho Supreme Court initially granted the motion to augment, but the same day the order was entered the State filed a partial objection to Alcala's motion. The Idaho Supreme Court then withdrew its previous order and denied Alcala's motion to augment with regard to five of the six requested transcripts. All six requested transcripts, however, were prepared by the court reporter and Alcala requested that the Supreme Court reconsider its order denying her request. The request to reconsider was denied.

Alcala appeals, contending that the Idaho Supreme Court denied her due process and equal protection by denying her motion to augment the requested transcript. Alcala also asserts the district court abused its discretion by revoking her probation, executing the underlying sentence (docket number 38882), and by imposing an excessive sentence (docket number 38883).

2

Alcala's brief presents argument that the denied transcripts are needed for effective review of her claims of district court error and, therefore, the Idaho Supreme Court violated her rights to due process and equal protection and her right to effective assistance of counsel by denying her motion to augment the record on appeal. We recently addressed a nearly identical argument in *State v. Morgan*, ___ Idaho ___, ___ P.3d ___ (Ct. App. July 10, 2012), *rev. pending*, where we said:

> We begin by disclaiming any authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. Such an undertaking would be tantamount to the Court of Appeals entertaining an "appeal" from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. Nevertheless, if a motion is, in effect, renewed by the movant, and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the point of its assignment to this Court. Such may occur, for example, if the completed appellant's and/or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion.[1]

Alcala has not filed with this Court a renewed motion to augment the record, nor has she presented to this Court in her briefing any significant new facts or a new justification for augmentation beyond that already advanced in her motion to the Supreme Court. She is, in substance, asking us to determine that the Idaho Supreme Court violated constitutional law by denying her motion. As that is beyond the scope of our authority, we will not address the issue further.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v.*

---

[1] In *Morgan*, for the purpose of a complete discussion, we addressed on the merits each argument now being advanced by Alcala in this appeal. We rejected them all as without merit.

3

*Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards and having reviewed the record in these cases, we cannot say that the district court abused its discretion. Therefore, the order revoking probation and directing execution of Alcala's previously suspended sentence in docket number 38882 and the judgment of conviction in docket number 38883 are affirmed.