**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 39054/39055**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 705 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 7, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TYSON ERWIN RACEHORSE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Orders revoking probation and requiring execution of unified eight-year sentence with three-year determinate term for felony driving under the influence, and concurrent unified seven-year sentence with four-year determinate term for possession of methamphetamine, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

This is a consolidated appeal. Tyson Erwin Racehorse was convicted in Docket No. 39055 of felony driving under the influence, Idaho Code §§ 18-8004, 18-8005(5). The district court imposed a unified eight-year sentence with a three-year determinate term, suspended the sentence, and placed Racehorse on supervised probation for four years. A report of probation violation was filed, but the district court continued Racehorse's probation. Subsequently, Racehorse admitted to violating several terms of the probation, including incurring a charge in Docket No. 39054 of possession of methamphetamine, I.C. § 37-

1

2732(c)(1). The district court consequently revoked probation and ordered execution of the original sentence in Docket No. 39055, and imposed a concurrent unified sentence of seven years with four years determinate in Docket No. 39054, retaining jurisdiction in both cases. Following the period of retained jurisdiction, the district court relinquished jurisdiction. Racehorse filed Idaho Criminal Rule 35 motions for reduction of his sentences. The district court granted the motions, suspended the sentences, and placed Racehorse on supervised probation. Shortly thereafter, Racehorse violated probation and the district court revoked probation, ordering the underlying sentences executed in both cases. Racehorse appeals, contending that the district court abused its discretion in revoking probation and that the sentences are excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

2

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Racehorse's original sentences without modification. Therefore, the orders revoking probation and directing execution of Racehorse's previously suspended sentences are affirmed.