**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 39652/39653**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 737 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 27, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WILLIAM HOWARD LOCKE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order revoking probation and requiring execution of unified ten-year sentence with two-year determinate term for felony driving under the influence, affirmed; order revoking probation and requiring execution of concurrent ten-year sentence with four-year determinate term for felony driving under the influence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

This is a consolidated appeal. In Docket No. 39652, William Howard Locke pled guilty to operating a motor vehicle while under the influence of alcohol and/or drugs (one felony conviction within fifteen years). Idaho Code §§ 18-8004, 18-8005(9). The district court imposed a unified ten-year sentence with a two year determinate term, suspended the sentence and placed Locke on supervised probation for ten years.

Approximately one year later, Locke again drove while intoxicated and the State charged him with felony DUI (docket number 39653). The State filed a motion for probation violation in docket number 39652. Locke pled guilty to felony DUI in docket number 39653 and admitted to

1

violating the conditions of his probation in docket number 39652. The district court revoked his probation and ordered execution of the underlying sentence in case number 39652; imposed a concurrent unified sentence of ten years with four years determinate in docket number 39653, and retained jurisdiction in both cases. Following the period of retained jurisdiction, the district court suspended Locke's sentences and placed him on supervised probation in both cases.

Subsequently, Locke admitted to violating several terms of the probation, and the district court consequently revoked his probation and ordered execution of the original sentences. Locke appeals, contending that the district court abused its discretion in revoking probation or, alternatively, by failing to reduce his sentences.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Locke's original sentences without modification. Therefore, the orders revoking probation and directing execution of Locke's previously suspended sentences are affirmed.