## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket Nos. 39629/39630

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 317 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 9, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| FRANKLIN SCOTT OSTERHOUDT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order revoking probation and requiring execution of unified four-year sentence with two-year determinate term for possession of a controlled substance and a concurrent unified eight-year sentence with three and one-half-year determinate term for felony injury to a child, affirmed; judgment of conviction and consecutive unified sentence of four years, with a minimum period of confinement of two years, for aggravated battery, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In these consolidated appeals, Franklin Scott Osterhoudt was on probation for felony possession, Idaho Code § 37-2732(c)(1), when he pled guilty to felony injury to a child in Docket No. 39629. I.C. § 18-1501. The district court imposed a unified eight-year sentence with a three and one-half-year determinate term to run concurrent with the previously imposed unified sentence of four years with two years determinate for possession. Following a period of retained jurisdiction, the district court suspended the sentence in Docket No. 39629 and placed

1

Osterhoudt on probation. Subsequently, Osterhoudt was charged with violating his probation by committing aggravated battery. Osterhoudt pled guilty in Docket No. 39630, pursuant to a plea agreement, to the aggravated battery charge and he also admitted to violating the terms of his probation in Docket No. 39629. Following the terms of the plea agreement, the district court sentenced Osterhoudt to four years with two years determinate on the aggravated battery charge and ordered that it be served consecutively to the prior sentences. The district court also revoked Osterhoudt's probation and ordered execution of the sentences in Docket No. 39629. Osterhoudt filed Idaho Criminal Rule 35 motions for reduction of sentences which the district court denied. Osterhoudt appeals, contending that the district court abused its discretion by not sua sponte reducing his sentences in Docket No. 39629 when it revoked probation and executed the sentences. Osterhoudt also claims the district court abused its discretion by imposing an excessive sentence in Docket No. 39630.

The parties dispute whether Osterhoudt waived his rights to appeal and/or invited error by requesting the sentences he received. We need not address these issues as we find no abuse of discretion by the district court.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

2

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards, and having reviewed the record in these cases, we cannot say that the district court abused its discretion in revoking probation, ordering execution of Osterhoudt's original sentences without modification in Docket No. 39629, or by imposing sentence in Docket No. 39630. Therefore, the order revoking probation and directing execution of Osterhoudt's previously suspended sentences in Docket No. 39629 is affirmed. Osterhoudt's judgment of conviction and sentence in Docket No. 39630 is also affirmed.