**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39505**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 329 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 16, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL JOHN EAST, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

Order revoking probation and requiring execution of unified seven-year sentence with two-year determinate term for aggravated battery and concurrent unified five-year sentence with two-year determinate term for intimidating a witness, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Michael John East was convicted of aggravated battery, Idaho Code §§ 18-903(a), 18-907(a), 18-908; and intimidating a witness, I.C. § 18-2604(3). The district court imposed a unified seven-year sentence with two years determinate for battery and a concurrent unified five-year sentence with two years determinate for intimidating a witness, but after a period of retained jurisdiction, suspended the sentences and placed East on supervised probation. Three days later, East admitted to violating several terms of the probation, and the district court consequently revoked probation, ordered execution of the original sentences, and retained jurisdiction a second

1

time.  Following the second period of retained jurisdiction, the district court suspended East's sentences and reinstated his supervised probation.  Subsequently, East again admitted to violating the conditions of his probation.  The district court revoked probation and ordered execution of East's underlying sentences.  East appeals, contending that the district court abused its discretion in revoking probation and in failing to sua sponte reduce his sentences upon revocation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated.  I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988).  In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society.  *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717.  The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989).  The court may also order a period of retained jurisdiction.  *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010).  A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Sentencing is also a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment.  *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009).  We base our

2

review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of East's original sentences without modification. Therefore, the order revoking probation and directing execution of East's previously suspended sentences is affirmed.