## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket Nos. 33459/33460

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

FRANCISCO AUGUSTIN URRABAZO,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

**Boise, December 2010 Term**

**2010 Opinion No. 137**

**Filed: December 23, 2010**

**Stephen W. Kenyon, Clerk**

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Honorable Juneal C. Kerrick, District Judge.

The appeal is <u>dismissed</u>.

Molly Huskey, State Appellate Public Defender, Boise, for appellant. Sarah E. Tompkins argued.

Honorable Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Jessica M. Lorello argued.

———————————

J. JONES, Justice.

Francisco Augustin Urrabazo appeals the sentence imposed by the district court. Because Urrabazo's appeal is untimely, we dismiss.

### I.
### Factual and Procedural History

On August 8, 2005, Francisco Urrabazo pleaded guilty to statutory rape, felony battery on a police officer, and misdemeanor battery. The statutory rape charge was filed in a different case than the battery charges, but the two cases were considered together for the purposes of sentencing. On November 7, 2005, the district court sentenced Urrabazo to a unified sentence of ten years with three years fixed for statutory rape and a concurrent unified sentence of five years with three fixed for the felony battery charge. However, the court retained jurisdiction in both cases for a period of 180 days.

1

The district court held a hearing on May 1, 2005, to review Urrabazo's progress. At the hearing, the State acknowledged that Urrabazo "had a good six months," but indicated it was still concerned about Urrabazo's use of alcohol, that he failed to recognize the severity of the situation, and "that it was unclear if the level to re-offend [had] gone down." The court continued the hearing until May 5, 2006, because "it was a close question on whether or not the court should place [Urrabazo] on probation or relinquish jurisdiction." The court also recognized that its jurisdiction expired the following day, on May 6, 2006.

At the May 5 hearing, the district court initially determined it would relinquish jurisdiction and impose the original sentence. The court "advised counsel that the defendant was not ready for probation at this time, however, the Court felt that a Rule 35 motion would be appropriate" if defense counsel wished to argue for a reduction in Urrabazo's sentence. Urrabazo's counsel also suggested that the "State had floated the possibility of a second rider." After a recess, Urrabazo's counsel moved, pursuant to Rule 35, for a reduction in Urrabazo's sentence in the form of a second period of retained jurisdiction. In making its determination on the issue, the court acknowledged Urrabazo's progress during the first rider, and noted that his failure to complete a sexual offender treatment program was not for lack of cooperation but, rather, was due to an inability to complete the assignments in the time provided. However, the court remained concerned about placing Urrabazo on probation in the same city where the rape victim resided, and recognized a continued need for anger management and substance abuse treatment. The court therefore concluded Urrabazo was not ready for probation at that time. The court ordered relinquishment of its retained jurisdiction, but then granted Urrabazo's Rule 35 motion by ordering a second 180-day period of retained jurisdiction.

Two months into the second rider, the district court received an updated report regarding Urrabazo's progress. After reviewing the updated report, the court relinquished its jurisdiction pursuant to the second rider in an order filed on July 28, 2006. The order stated: "The Court's paramount concern for public safety, together with a lack of confidence in Defendant Urrabazo's ability to control his conduct for an extended [period] of time, and to accomplish rehabilitation in the less-structured setting of a community-based probation, support a decision to relinquish jurisdiction."

Urrabazo filed an appeal on September 8, 2006, 42 days after the July 28 order, alleging that the district court abused its discretion in relinquishing jurisdiction, and that the sentences

imposed were excessive. Urrabazo argues that consecutive riders, without an intervening period of probation, is consistent with the provisions and intent of I.C. § 19-2601(4). The State contends this Court should not consider the merits of Urrabazo's claims on appeal, arguing that the district court lacked jurisdiction to order a successive period of retained jurisdiction, that Urrabazo's 42 days for filing an appeal commenced running at the end of the first period of retained jurisdiction, that the district court had no jurisdiction to extend the time for filing an appeal, and that Urrabazo's late appeal should therefore be dismissed.

## II.
### Issues on Appeal

1. Does I.C. § 19-2601(4) require a period of probation prior to ordering a second period of retained jurisdiction?

2. If the statute does require an intervening period of probation, was the district court without subject matter jurisdiction to order the second rider?

## III.
### Discussion

The district court in this case relinquished jurisdiction on the first rider on May 5, 2006. However, the court then ordered a second consecutive period of retained jurisdiction on that same day, without an intervening period of probation. On July 28, 2006, the court relinquished jurisdiction on the second rider. Urrabazo viewed this order as beginning the 42-day period in which to file his appeal. Thus, we must first determine whether I.C. § 19-2601(4), which permits an additional period of retained jurisdiction "after a defendant has been placed on probation," is ambiguous. Because we determine the provision is not ambiguous and clearly requires an intervening period of probation, we must also determine whether the district court acted without subject matter jurisdiction when ordering the second rider. We hold I.C. § 19-2601(4) requires that a defendant be placed on probation and subsequently be found to have violated the probation before a district court may order a second period of retained jurisdiction and that the district court in this case did not have subject matter jurisdiction to order the second rider. Therefore, the orders granting and revoking the second rider are void, rendering Urrabazo's appeal untimely.

### A. An Intervening Period of Probation Is Required Under I.C. § 19-2601(4) Before a Court May Order a Second Period of Retained Jurisdiction.

The State contends the plain language of I.C. § 19-2601(4) requires an intervening period of probation prior to ordering a second period of retained jurisdiction. However, Urrabazo argues

3

that the provision is ambiguous because district courts regularly order consecutive periods of retained jurisdiction without an intervening period of probation, which indicates the statute is not plain on its face. Additionally, Urrabazo contends that the probation provision merely delineates an example for a court to consider when making its sentencing decision. Urrabazo further asserts that the legislative history of the amendment supports this interpretation because the goal of the statute is to give district courts substantial flexibility in sentencing decisions.

This Court exercises free review over questions of law, which include issues of statutory interpretation. *State v. Doe*, 147 Idaho 326, 327, 208 P.3d 730, 731 (2009). The purpose of statutory interpretation is to "give effect to legislative intent," which starts with the "literal words of the statute." *Id.* at 328, 208 P.3d at 732. The words of the statute are given their plain, usual, and ordinary meaning, unless such meaning leads to absurd results. *Id.* However, "[t]his Court will not deal in any subtle refinements of the legislation, but will ascertain and give effect to the purpose and intent of the Legislature, based on the whole act and every word therein, lending substance and meaning to the provisions." *State v. Payne*, 146 Idaho 548, 575, 199 P.3d 123, 150 (2008). Where a statute is capable of more than one reasonable construction, it is ambiguous and must be interpreted to achieve the Legislature's intent. *Doe*, 147 Idaho at 328, 208 P.3d at 732. To do so, the Court goes beyond the words of the statute, and also considers "the reasonableness of proposed constructions, the public policy behind the statute, and its legislative history." *Id.*

After a person is convicted of a crime, a district court is empowered with several sentencing options. Among these options is imposing a sentence and retaining jurisdiction for a statutory period. I.C. § 19-2601(4). The purpose of this period of retained jurisdiction is to provide an evaluation "of the offender's potential for rehabilitation and suitability for probation." *State v. Diggie*, 140 Idaho 238, 240, 91 P.3d 1142, 1144 (2004). However, pursuant to I.C. § 19-2601(4), a court may only retain jurisdiction for up to 180 days,[1] except in special circumstances when a court may take up to 30 additional days to make its ultimate sentencing decision.[2] According to the statute, courts may also impose more than one period of retained jurisdiction "after a defendant has been placed on probation in a case." I.C. § 19-2601(4). At the time of this

---

[1] A 2010 amendment to I.C. § 19-2601(4) extended the retained jurisdiction period from 180 days to 365 days; however, the probation requirement at issue in this case remains the same. *See* I.C. § 19-2601(4) (2010).

[2] This 30-day extension was added in a 2005 amendment to I.C. § 19-2601(4). *See* S.L. 2005, ch. 186, § 1.

4

appeal, I.C. § 19-2601(4) provided, in part, as follows:

> Whenever any person shall have been convicted, or enter a plea of guilty . . . the court in its discretion, may:
>
> . . . .
>
> (4) Suspend the execution of the judgment at any time during the first one hundred eighty (180) days of a sentence to the custody of the state board of correction. The court shall retain jurisdiction over the prisoner for the first one hundred eighty (180) days or, if the prisoner is a juvenile, until the juvenile reaches twenty-one (21) years of age. The prisoner will remain committed to the board of correction if not affirmatively placed on probation by the court. In extraordinary circumstances, where the court concludes that it is unable to obtain and evaluate the relevant information within the one hundred eighty (180) day period of retained jurisdiction, or where the court concludes that a hearing is required and is unable to obtain the defendant's presence for such a hearing within such period, the court may decide whether to place the defendant on probation or release jurisdiction within a reasonable time, not to exceed thirty (30) days, after the one hundred eighty (180) day period of retained jurisdiction has expired. . . . The court in its discretion may sentence a defendant to more than one (1) period of retained jurisdiction *after a defendant has been placed on probation in a case*. . . . Probation is a matter left to the sound discretion of the court. . . .

I.C. § 19-2601 (2005) (emphasis added).

The issue for this Court to determine is whether a district court must sentence a defendant to probation before retaining jurisdiction for an additional period. The plain language of section 19-2601(4) unconditionally requires an intervening period of probation prior to ordering an additional period of retained jurisdiction. The provision only permits a court to sentence a defendant to a second rider "*after* a defendant has been placed on probation in a case." In other words, a court may retain jurisdiction for a second time only after sentencing the defendant to a period of probation. This limiting language is not written in terms of an example, as suggested by Urrabazo, because there is no "such as," or similar exemplary language, that would support such an interpretation. Indeed, to treat the provision merely as an example essentially reads the words "after a defendant has been placed on probation" out of the statute. Such an interpretation would violate the rule of statutory construction requiring every word in a statute to be given its plain meaning.

Urrabazo contends that such a literal interpretation leads to an absurd result because courts may grant "probation for a brief period of time with a condition of probation that will necessarily be violated, and then revoke probation, simply to order a second period of retained

5

jurisdiction in order to get all of the necessary information for an informed sentencing decision." However, this argument is without merit because when a district court is not satisfied, after an initial period of retained jurisdiction, that a defendant is ready to integrate back into society under the less supervised conditions of probation, the statute, by its own terms, affirmatively places the defendant under the control of the Department of Correction. *See* I.C. § 19-2601(4) ("The prisoner will remain committed to the board of correction if not affirmatively placed on probation by the court."). If probation is granted, the district court may not revoke the same on its own. The defendant may challenge unreasonable conditions of probation. The Department of Correction must allege and show a violation of the terms of probation at a hearing before the court. It is highly unlikely that a sham probation would be granted merely to allow a second rider. It is not absurd for the Legislature to have concluded that a prisoner should commence serving his sentence if the court does not feel certain enough to order probation. The plain language of I.C. § 19-2601(4) requires a period of probation prior to an additional period of retained jurisdiction. The provision is not ambiguous in this regard and, therefore, the Court has no need to consider the legislative history of this provision.

**B. Subject Matter Jurisdiction Is Implicated Under I.C. § 19-2601(4).**

The district court in this case ordered two consecutive periods of retained jurisdiction, without an intervening period of probation, in violation of I.C. § 19-2601(4). Thus, the Court must determine whether the district court's orders, granting the second rider, are void for lack of subject matter jurisdiction, or merely voidable as acts outside its statutory authority. The State suggests that a district court only possesses subject matter jurisdiction over sentencing matters to the extent outlined by the statute. Thus, the district court was without subject matter jurisdiction to order an additional 180-day period of retained jurisdiction without an intervening period of probation. The State argues that because the district court's May 5 order granting the second rider is void, so is the court's July 28 order relinquishing jurisdiction on the second rider. Since Urrabazo used the date of the latter order to calculate the commencement of the 42 days for filing his appeal, the State argues the September 8 appeal is untimely and should be dismissed.

"Subject matter jurisdiction is the power to determine cases over a general type or class of dispute." *Bach v. Miller*, 144 Idaho 142, 145, 158 P.3d 305, 308 (2007). The source of this power comes from Article V, Section 20, of the Idaho Constitution, which provides that district courts "shall have original jurisdiction in all cases, both at law and in equity, and such appellate

6

jurisdiction as may be conferred by law." IDAHO CONST., art. V, § 20. This issue is so fundamental to the propriety of a court's actions, that subject matter jurisdiction can never be waived or consented to, and a court has a *sua sponte* duty to ensure that it has subject matter jurisdiction over a case. *See* Idaho R. Civ. P. 12(g)(4). Furthermore, judgments and orders made without subject matter jurisdiction are void and "are subject to collateral attack, and are not entitled to recognition in other states under the full faith and credit clause of the United States Constitution." *Sierra Life Ins. Co. v. Granata*, 99 Idaho 624, 626-27, 586 P.2d 1068, 1070-71 (1978). This Court exercises free review over questions of jurisdiction. *Doe*, 147 Idaho at 327, 208 P.3d at 731.

As a general matter, the "control of persons convicted of crimes and sentenced to imprisonment is given to the executive branch of the Idaho state government . . . ." *Diggie*, 140 Idaho at 240, 91 P.3d at 1144 (quoting IDAHO CONST., art. X, § 5; I.C. § 19-2503 *et seq.*). However, "[t]his power is subject to legislative law-making authority," and the Legislature carved out an exception to the exclusive control vested with the executive branch over convicted and sentenced persons when it created the retained jurisdiction program. *Id.* Thus, "[s]ection 19-2601(4) allows the court and the [executive branch] to exercise concurrent authority over an offender for a limited period of time." *Id.* At the time of this appeal, a court had 180 days to place a defendant on probation, after which the court's jurisdiction ceased to exist and an offender automatically came under the control of the Department of Correction. *State v. Taylor*, 142 Idaho 30, 31, 121 P.3d 961, 962 (2005). This "jurisdiction" confines a court's "power to determine cases over a general type or class of dispute," specifically, cases involving periods of retained jurisdiction. Therefore, the provisions of I.C. § 19-2601(4) limit a court's subject matter jurisdiction. To hold otherwise would usurp the powers vested in the executive branch by the Idaho Constitution and by the Legislature—specifically, the exclusive control over convicted and sentenced persons, which is vested in the executive branch by the Constitution, and the control over defendants not placed on probation during a period of retained jurisdiction, which is vested in the Department of Correction by the Legislature.

Because the district court in this case failed to place Urrabazo on probation at the end of the first period of retained jurisdiction, Urrabazo was automatically under the affirmative control of the Department of Correction upon filing of the order relinquishing jurisdiction on May 5, 2006. Thus, the court's orders, granting a second rider and relinquishing jurisdiction on the same,

are void for want of subject matter jurisdiction, and Urrabazo's appeal is untimely. Idaho Appellate Rule 14(a) states that an appeal in a criminal matter must be filed with the district court "within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of the district court appealable as a matter of right . . . ." I.A.R. 14(a). Additionally, this rule provides that "the time to file an appeal is enlarged by the length of time the district court actually retains jurisdiction pursuant to Idaho Code. When the court releases its retained jurisdiction . . . the time within which to file a notice of appeal shall commence to run." *Id.* As such, the time for filing an appeal in this case commenced with the district court's relinquishing jurisdiction over Urrabazo and Urrabazo had to file his appeal within 42 days of that time in order for the appeal to be timely. Because Urrabazo's appeal was not filed until September 8, 2006, it is untimely, and this Court will not consider the merits of the appeal.[3]

**IV.**
**Conclusion**

Idaho Code section 19-2601(4) requires an intervening period of probation prior to ordering an additional period of retained jurisdiction. Additionally, the provisions of this section limit a district court's subject matter jurisdiction to order a second period of retained jurisdiction. Therefore, the orders purporting to grant and then revoke a second rider are void, and Urrabazo's appeal is untimely.


Chief Justice EISMANN, and Justices BURDICK, W. JONES and HORTON CONCUR.

---

[3] It is unfortunate that the district court misread the statute and possibly mislead Urrabazo about its application. However, Urrabazo provides no authority for the proposition that the filing deadline should be extended under circumstances where the statute in question clearly discloses the orders he relies upon on to be void for lack of subject matter jurisdiction.