**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 35835/35858**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2011 Unpublished Opinion No. 395** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 16, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DUSTIN R. BARRON,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

The appeal is dismissed.

Molly J. Huskey, State Appellate Public Defender; Jordan E. Taylor, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Dustin R. Barron appeals, in this consolidated appeal, from the district court's orders relinquishing jurisdiction and denying Idaho Criminal Rule 35 relief.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In case number 35835, Barron pled guilty to aggravated battery, Idaho Code §§ 18-903, 18-907(a), and the State dismissed additional charges. The district court entered a withheld judgment and placed Barron on supervised probation for three years. Subsequently, Barron admitted to various probation violations and the district court revoked the withheld judgment and imposed a unified six-year sentence with two years determinate for the aggravated battery charge. In case number 35838, Barron pled guilty to possession of a controlled substance with intent to deliver, I.C. § 37-2732(a)(1)(b). The district court imposed a unified five-year sentence with two years determinate to run concurrent with the aggravated battery sentence, and retained

jurisdiction in both cases. At the conclusion of the period of retained jurisdiction, the district court, upon conducting a jurisdictional review hearing, ordered a second consecutive period of retained jurisdiction. Following the second period of retained jurisdiction, the district court placed Barron on probation. After Barron again violated the terms of probation, the district court revoked Barron's probation and ordered his sentences executed. Barron filed a Rule 35 motion which the district court denied. Barron appeals.

## II.

## ANALYSIS

Barron claims that the district court abused its discretion by: (1) failing to sua sponte order a mental health evaluation to assist the court at disposition; (2) revoking Barron's probation; (3) failing to sua sponte reduce Barron's sentence at disposition; and (4) denying the Rule 35 motion to reduce Barron's sentence. As an initial matter, the State contends that because the district court was without authority to order a second consecutive period of retained jurisdiction, the district court lost jurisdiction. Consequently, the State asserts that the order revoking Barron's probation must be affirmed. We agree.

Recently, in *State v. Urrabazo*, 150 Idaho 158, 244 P.3d 1244 (2010), the Idaho Supreme Court held that I.C. § 19-2601(4) unconditionally requires an intervening period of probation prior to ordering a second period of retained jurisdiction. When the district court failed to place Urrabazo on probation at the conclusion of the first period of retained jurisdiction, the district court lost jurisdiction. Consequently, the district court's subsequent orders were void and, since Urrabazo did not appeal within forty-two days of the relinquishment of jurisdiction, his appeal was untimely. *Id.* at 163, 244 P.3d at 1249. The Court also rejected Urrabazo's claim for relief because he was misled by the district court regarding application of the statute. *Id.* Thus, in this case, the district court lost jurisdiction when it ordered the second period of retained jurisdiction instead of placing Barron on probation, its subsequent orders are void, and Barron has not timely appealed from the date of relinquishment of jurisdiction.

## III.

## CONCLUSION

The district court was without jurisdiction to order the second period of retained jurisdiction, to, thereafter, grant and then revoke probation, and to rule on Barron's Rule 35

2

motion. Barron's appeal is untimely from the relinquishment of jurisdiction. This appeal is dismissed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**