**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40178**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 394 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 8, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JONATHAN LEE TALLMAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Order revoking probation and requiring execution of unified seven-year sentence with two-year determinate term for operating a motor vehicle while under the influence of alcohol, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben Patrick McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Jonathan Lee Tallman pled guilty to operating a motor vehicle while under the influence of alcohol. Idaho Code §§ 18-8004, 18-8005(6). The district court imposed a unified seven-year sentence with a two-year determinate term, suspended the sentence and placed Tallman on probation for a period of seven years. Subsequently, Tallman admitted to violating several terms of the probation, and the district court consequently revoked probation, executed the original sentence, and retained jurisdiction. Following the period of retained jurisdiction, the district court entered an order reinstating probation. Mindful of the fact that he has already been

1

returned to probation, Tallman appeals, contending that the district court abused its discretion in revoking probation.

The State argues that since the district court has returned Tallman to probation, his challenge is moot and the appeal should be dismissed. We agree the claim is moot.

However, even if Tallman could still challenge the prior revocation, it is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation. Therefore, the order revoking probation is affirmed.