**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40337**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 644** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 28, 2013** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SHEILA DAWN BEE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Gregory S. Anderson, District Judge.

Order revoking probation and requiring execution of unified sentence of five years, with two years determinate, for burglary, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Sheila Dawn Bee pled guilty to burglary, Idaho Code § 18-1401. The district court withheld judgment and placed Bee on probation. Shortly thereafter, Bee admitted to violating terms of her probation. The district court revoked the withheld judgment and imposed a unified sentence of five years, with two years determinate. However, the district court suspended the sentence and continued Bee on probation. A couple months later, Bee again admitted to violating terms of her probation. The district court continued Bee on probation with the additional term that Bee successfully complete the mental health court program. Several months later, Bee admitted to multiple violations of the terms of her probation, in addition to incurring new criminal charges and being suspended from the mental health court program. The district

1

court revoked probation, imposed the underlying sentence, and retained jurisdiction. Bee filed an Idaho Criminal Rule 35 motion for reduction of her sentence and also filed an appeal from the district court's order revoking probation.

Subsequent to Bee's appeal, the district court denied Bee's Rule 35 motion. Also subsequent to Bee's appeal, the district court suspended Bee's sentence upon review of her period of retained jurisdiction and, once again, placed her on probation. Although currently on probation, Bee argues on appeal that the district court abused its discretion by failing to sua sponte reduce her underlying sentence upon revoking probation.

After a probation violation has been established, the court may order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo,* 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A court's decision not to reduce a sentence after revoking probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *State v. Hannington*, 148 Idaho 26, 27, 218 P.3d 5, 7 (Ct. App. 2009); *Marks*, 116 Idaho at 978, 783 P.2d at 317.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *Hanington*, 148 Idaho at 29, 218 P.3d at 8. We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court

should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say the district court abused its discretion by ordering execution of Bee's underlying sentence without reduction. Therefore, the order revoking probation and directing execution of Bee's previously suspended sentence is affirmed.