**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40948**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 328** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: January 15, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TYLER SAM ROPER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order revoking probation and requiring execution of unified five-year sentence with two-year determinate term for criminal possession of a financial transaction card and concurrent six-year sentence with two-year determinate term for burglary, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Tyler Sam Roper was convicted of criminal possession of a financial transaction card, Idaho Code § 18-3125(4), and burglary, I.C. § 18-1401. The district court imposed concurrent, unified sentences of five years with three years determinate for possession of a financial transaction card and six years with three years determinate for burglary, suspended the sentences and placed Roper on supervised probation. Following a report of probation violations, the district court revoked probation, ordered execution of the original sentences, and retained jurisdiction. At the conclusion of the retained jurisdiction period, the district court suspended

1

Roper's sentences and again placed him on supervised probation. Subsequently, Roper admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the sentences, reducing the determinate term to two years in both cases. Roper appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Roper's modified sentences. Therefore, the order revoking probation and directing execution of Roper's previously suspended sentences is affirmed.

2