# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41529

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 725 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 17, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SERVANDO M. NIETO, aka MR. WICKED, | ) | THIS IS AN UNPUBLISHED |
| CURTE, SERVANDO JUAN NIETO, II, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Order revoking probation and requiring execution of unified ten-year sentence, with determinate term of one and one-half years, for failure to register as a sex offender, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Servando M. Nieto, aka Mr. Wicked, Curte, Servando Juan Nieto, II, pled guilty to failure to register as a sex offender. I.C. §§ 18-8304, 18-8307, 18-8309, 18-8311. The district court imposed a unified ten-year sentence, with a determinate term of one and one-half years, but after a period of retained jurisdiction, suspended the sentence and placed Nieto on probation. Subsequently, Nieto was found to have violated the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Nieto appeals, contending that the district court abused its discretion in revoking probation.

1

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Nieto's original sentence. Therefore, the order revoking probation and directing execution of Nieto's previously suspended sentence is affirmed.