**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42937**

| | |
|---|---|
| STATE OF IDAHO, | ) 2015 Unpublished Opinion No. 304 |
| | ) |
| Plaintiff-Respondent, | ) Filed: January 5, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| DANNY KAYE WALKER, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Order revoking probation, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

PER CURIAM

Danny Kaye Walker pleaded guilty to grand theft, felony, Idaho Code §§ 18-2403, 18-2407(1)(b)1. The district court imposed a unified five-year sentence, with two years determinate, suspended the sentence and placed Walker on probation. Within four months, Walker violated the terms of the probation. Walker admitted to some of the violations and the remaining allegations were withdrawn. The district court continued Walker on probation with an order to participate in the Felony Drug Court Program. Walker again violated some of the terms of the probation, and the district court ordered Walker to serve a period of retained jurisdiction. Following the period of retained jurisdiction, the district court placed Walker on probation. Subsequently, Walker violated the terms of probation, and the district court revoked probation,

1

and executed the original sentence. Walker appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and in ordering execution of Walker's sentence. Therefore, the order revoking probation and directing execution of Walker's previously suspended sentence is affirmed.