## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43349

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 406** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 25, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ROBERT L. TALLEY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Order revoking probation and executing five-year determinate term for accessory to burglary, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Robert L. Talley pled guilty to accessory to burglary, Idaho Code § 18-205(1). The district court imposed a five-year determinate term, suspended the sentence, and placed Talley on probation for three years. Talley transferred his probation to the state of Washington. Subsequently, Talley admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of Talley's sentence, incorrectly stating the underlying sentence was three years, with one year determinate. The district court retained jurisdiction but, at Talley's request, relinquished jurisdiction and ordered execution of the incorrect underlying sentence. The district court discovered the error and allowed Talley to

1

reconsider his request for relinquishment. After a second period of retained jurisdiction, the district court suspended Talley's sentence and placed him on probation for three years. Talley's probation was again transferred to Washington. Following a report of probation violation, the district court revoked probation and ordered execution of the original sentence. Talley appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Talley's sentence without modification. Therefore, the order revoking probation and directing execution of Talley's previously suspended sentence is affirmed.