**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43570**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 440 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 18, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRITTANY KAY BURRELL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order revoking probation and imposing sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

PER CURIAM

Brittany Kay Burrell pleaded guilty to possession of controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1). The district court imposed a withheld judgment and placed Burrell on probation. Subsequently, Burrell admitted violating the terms of probation and the district court revoked the withheld judgment, imposed a unified five-year sentence, with two years determinate, suspended the sentence, and retained jurisdiction. Following a period of retained jurisdiction, the district court suspended the sentence and placed Burrell on probation. Again, Burrell admitted to violating the terms of probation, and the district placed Burrell on another period of probation. Burrell filed an Idaho Criminal Rule 35 motion to reduce sentence. Once again, Burrell admitted violating the terms of her probation and the district court

1

consequently revoked probation and ordered execution of the sentence without reducing the sentence. Burrell appeals, contending the district court abused its discretion in revoking probation and executing the underlying sentence.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say the district court abused its discretion in revoking probation and ordering execution of Burrell's sentence without a reduction. Therefore, the order revoking probation and directing execution of Burrell's previously suspended sentence is affirmed.