**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45849**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 18, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DAVID ANDREW LARSEN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge
_____

PER CURIAM

David Andrew Larsen pled guilty to felony injury to a child. Idaho Code § 18-1501(1). On February 22, 2016, the district court sentenced Larsen to a determinate term of ten years and retained jurisdiction for one year. On January 25, 2017, the district court extended its jurisdiction by thirty days. On March 16, 2017, at the jurisdictional review hearing, the district court relinquished jurisdiction. Larsen's counsel made an oral Idaho Criminal Rule 35 motion requesting that the district court modify the sentence so it is not all a determinate term. The district court granted the motion and reduced Larsen's sentence to a unified term of ten years with eight years determinate. Larsen filed a notice of appeal, but the appeal was later dismissed pursuant to Larsen's voluntary notice of dismissal.

1

On June 5, 2017, Larsen filed a second Rule 35 motion for a reduction of sentence. A hearing was held on the motion, at which time Larsen's counsel requested that the district court place Larsen on probation. The district court denied the request for further reduction of sentence as well as the request to place Larsen on probation. The district court did, however, enter an order retaining jurisdiction. Several months later, the district court relinquished jurisdiction.

Mindful that the district court did not have jurisdiction to place Larsen on the second period of retained jurisdiction, and thus did not have jurisdiction to place him on probation at the end of the second period of retained jurisdiction, Larsen contends that the district court abused its discretion by not placing him on probation. The Idaho Supreme Court has held that "the plain language of [Idaho Code] section 19-2601(4) unconditionally requires an intervening period of probation prior to ordering an additional period of retained jurisdiction." *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010) (abrogated on other grounds by *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011)). Since Larsen was not placed on probation after the first period of retained jurisdiction, the district court lacked jurisdiction to order the second period of retained jurisdiction, or to place Larsen on probation thereafter.

The order of the district court relinquishing jurisdiction and Larsen's sentence are affirmed.