# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50091 & 50092

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　Plaintiff-Respondent,<br><br>v.<br><br>SARAH RYAN SNIPE,<br><br>　　　Defendant-Appellant. | )<br>)　**Filed: May 23, 2023**<br>)<br>)　**Melanie Gagnepain, Clerk**<br>)<br>)　**THIS IS AN UNPUBLISHED**<br>)　**OPINION AND SHALL NOT**<br>)　**BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Orders revoking probation, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In Docket No. 50091, Sarah Ryan Snipe pled guilty to burglary. I.C. §§ 18-1401 and 18-1403. In exchange for her guilty plea, an additional charge was dismissed. The district court sentenced Snipe to a unified term of five years, with a minimum period of confinement of two years, but suspended the sentence and placed Snipe on probation. In Docket No. 50092, Snipe pled guilty to three counts of burglary. In exchange for her guilty pleas, twenty-four additional counts were dismissed. The district court sentenced Snipe to concurrent, unified terms of ten years, with minimum periods of confinement of five years.

1

Based on the new guilty pleas, Snipe admitted to violating the terms of her original probation, and the district court consequently revoked probation and ordered execution of the original sentence. The district court ordered that Snipe's sentences be served concurrently and concurrent with another unrelated sentence. However, the district court retained jurisdiction and sent Snipe to participate in the rider program. Following completion of the retained jurisdiction, the district court suspended the sentences and placed her on probation. Snipe violated the terms of the probation, but the district court continued her probation. Snipe again admitted violating the terms of her probation. The district court revoked her probation and ordered execution of her sentences. Snipe appeals, contending that the district court abused its discretion in revoking probation without reinstating probation or again retaining jurisdiction.

After a probation violation has been established, the court may order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992). The court may also reinstate probation or order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). Probation is the ultimate goal of retained jurisdiction. *Id.* There can be no abuse of

2

discretion if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation. *Id.*

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in either revoking probation or in ordering execution of Snipe's sentences without retaining jurisdiction. Therefore, the orders revoking probation and directing execution of Snipe's previously suspended sentences are affirmed.