# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50214

| | |
|---|---|
| STATE OF IDAHO, | )<br>) **Filed: May 24, 2023** |
| Plaintiff-Respondent, | )<br>) |
| v. | ) **Melanie Gagnepain, Clerk**<br>) |
| | ) **THIS IS AN UNPUBLISHED** |
| KLEIGH CHRISTOPHER WILSON, | ) **OPINION AND SHALL NOT**<br>) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | )<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge. Hon. Deborah A. Bail, District Judge.

Order revoking probation and execution of original sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Kleigh Christopher Wilson pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c). In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of seven years with two years determinate, but after a period of retained jurisdiction, suspended the sentence and placed Wilson on probation. Subsequently, Wilson admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence with credit for time served. Wilson appeals, contending that the district court abused its discretion by not reinstating his probation.

1

After a probation violation has been established, the court may order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992). The court may also reinstate probation or order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by ordering execution of Wilson's sentence. Therefore, the order revoking probation and directing execution of Wilson's previously suspended sentence is affirmed.