IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 49978

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Filed: May 24, 2023 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| ALONZO GONZALEZ, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Eric J. Wildman, District Judge.

Order revoking probation and execution of reduced sentences, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Alonzo Gonzalez pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1) and violation of a no-contact order, I.C. § 18-920. The district court imposed concurrent unified sentences of seven years with three years determinate for possession of a controlled substance and five years with three years determinate for violation of a no-contact order, but after a period of retained jurisdiction, suspended the sentence and placed Gonzalez on probation. Subsequently, Gonzalez admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of his underlying sentences, but reduced the sentence for possession to a unified term of seven years with two years determinate. Following a hearing on a motion to clarify judgment, the district court amended the

1

judgment by also modifying the sentence for violation of a no-contact order to a unified term of five years with two years determinate. Gonzalez appeals, contending that the district court abused its discretion by failing to further reduce Gonzalez's sentences upon revoking probation.

After a probation violation has been established, the court may order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992). The court may also reinstate probation or order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by ordering execution of Gonzalez's sentence without further modification. Therefore, the order revoking probation and directing execution of Gonzalez's previously suspended sentences is affirmed.