IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 42881/42882/42884/42885

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 765 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 23, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TRAVIS LEE TAXON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Orders revoking probation, affirmed; judgment of conviction and sentence for possession of methamphetamine with intent to deliver, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

These cases are consolidated for purposes of appeal. In Docket No. 42881, Travis Lee Taxon pled guilty to possession of methadone, Idaho Code § 37-2732(c)(1). The district court imposed a unified six-year sentence, with a two-year determinate term, suspended the sentence, and placed Taxon on supervised probation. Subsequently, Taxon was found to have violated the terms of his probation. He pled guilty in Docket Nos. 42882 and 42884 to one count each of possession of methamphetamine, I.C. § 37-2732(c)(1). The district court consequently revoked probation and ordered execution of the original sentence in Docket No. 42881 and imposed consecutive unified sentences of seven years with three years determinate in Docket No. 42882

1

and six years with three years determinate in Docket No. 42884, retaining jurisdiction in all three cases. After the period of retained jurisdiction, the district court suspended the sentences and placed Taxon on supervised probation. Taxon violated his probation and pled guilty in Docket No. 41885 to possession of methamphetamine with the intent to deliver, I.C. § 37-2732(a)(1)(A). The district court revoked probation and ordered execution of the three underlying sentences, sua sponte reducing the aggregate term by ordering the sentences in Docket Nos. 42881 and 42882 to run concurrently rather than consecutively. For the charge of possession of methamphetamine with intent to deliver, the district court imposed a unified six-year sentence with a two-year determinate term, to be served consecutive to the sentences in the possession cases. Taxon appeals, contending that the district court abused its discretion in revoking probation in 42881, 42882, and 42884, and that the sentence in 42885 is excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation in Docket Nos. 42881, 42882, and 42884 or in imposing Taxon's sentence in Docket No. 42885. Therefore, the orders revoking probation and directing execution of Taxon's previously suspended sentences in the three underlying cases and the judgment of conviction and sentence in Docket No. 42885 are affirmed.