**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 45965 & 45966**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 22, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DAVID RICHARD PETERS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order revoking probation, <u>affirmed</u>; judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

In Docket No. 45965, David Richard Peters pled guilty to possession of a controlled substance, I.C. § 37-2732(c), and unlawful possession of a firearm, I.C. § 18-3316. In exchange for his guilty pleas, additional charges were dismissed. The district court sentenced Peters to a unified term of seven years, with a minimum period of confinement of two years, for possession of a controlled substance and a consecutive indeterminate term of three years for unlawful possession of a firearm. However, the district court retained jurisdiction and sent Peters to

1

participate in the rider program. Following successful completion of his rider, the district court suspended the sentences and placed Peters on probation.

In Docket No. 45966, Peters pled guilty to an amended charge of possession of a controlled substance. I.C. § 37-2732(c). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Peters to a unified term of seven years, with a minimum period of confinement of two years, to run concurrently with his sentences in Docket No. 45965. Peters admitted to violating the terms of his probation in Docket No. 45965 based on his guilty plea in Docket No. 45966. The district court revoked Peters's probation in Docket No. 45965 and ordered execution of his previously suspended sentences. Peters filed I.C.R. 35 motions for reduction of his sentences in both cases, which the district court denied. On appeal, Peters argues that the district court erred in revoking his probation and that his sentence in Docket No. 45966 are excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the

2

record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, the order revoking probation and directing execution of Peters's previously suspended sentences and his judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for possession of a controlled substance are affirmed.